NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TAKICIAN L. BYRD,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2026-2011

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-5171, Judge Grant Jaquith.

-------------------------------------------------------

**In Re TAKICIAN L. BYRD,**
*Petitioner*

---

2026-143

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 25-5171, Judge Grant Jaquith.

2                                                        IN RE BYRD

---

## ON PETITION

---

Before LOURIE, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

### O R D E R

On January 22, 2026, the United States Court of Appeals for Veterans Claims entered final judgment dismissing Takician L. Byrd's appeal as premature due to her pending motion for reconsideration before the Board of Veterans' Appeals. Ms. Byrd filed a notice of appeal on May 22, 2026. In this court, she also filed a petition for a writ of mandamus on May 24, 2026, seeking, *inter alia*, to direct the Court of Appeals for Veterans Claims to vacate its judgment and the Board to decide the motion for reconsideration.

This court lacks jurisdiction to hear Ms. Byrd's appeal from the judgment of the Court of Appeals for Veterans Claims because her appeal from that judgment was untimely. Like appeals from district courts, the statutorily prescribed time for filing appeals from the Court of Appeals for Veterans Claims is jurisdictional. *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013); *see also Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011) ("Because the time for taking an appeal from a district court to a court of appeals in a civil case has long been understood to be jurisdictional, th[e] language [of 38 U.S.C. § 7292(a)] clearly signals an intent to impose the same restrictions on appeals from the [Court of Appeals for Veterans Claims] to the Federal Circuit." (citation omitted)). To be timely, a notice of appeal must be filed "within the time and in the manner prescribed for appeal" from a district court to a court of appeals, which is 60 days. § 7292(a); *see* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B); Fed. Cir. R. 1(a)(1)(D).

Ms. Byrd filed her appeal well outside this jurisdictional deadline.

We must also deny her request for mandamus relief. A writ of mandamus is an extraordinary remedy which may issue only if petitioner has shown a clear and indisputable right to relief and that there are no other adequate means to attain the relief desired. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Ms. Byrd has not made that showing. She could have challenged the judgment through a timely appeal. She also has alternative avenues to seek Board action because she may file a petition for mandamus relief from the Court of Appeals for Veterans Claims.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed, and the petition is denied.

(2) Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 12, 2026
        Date